## DISTRICT COURT OF THE U.S. VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CARDOW, INC., | : | |
| | : | Civil Action No. 09/68 |
| Plaintiff, | : | |
| v. | : | **COMPLAINT FOR DECLARATORY** |
| | : | **JUDGMENT** |
| JOE R. TANORY, JR, | : | |
| | : | |
| Defendant. | : | |
| | | <u>JURY TRIAL DEMANDED</u> |

Plaintiff Cardow, Inc. ("Cardow") for its Complaint against Defendant Joe R. Tanory, Jr. ("Defendant" or "Tanory"), through its attorney undersigned, alleges as follows:

1. This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201(a) and 2202 and the patent laws of the United States, 35 U.S.C. § 271, *et seq.*

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because the Plaintiff is incorporated and does business solely in this judicial district and also because defendant Tanory, acting though his employees and agents, has expressly charged in this judicial district that the Plaintiff is infringing one or more United States patents allegedly owned by Tanory.

3. Cardow is a domestic corporation having its principal place of business at 39 Dronningens Gade (Main Street), Charlotte Amalie, St, Thomas, United States Virgin Islands, 00802.

4.     Upon information and belief, defendant Tanory is an individual residing in the State of Alabama, United States of America.

## FIRST CLAIM FOR RELIEF

## PATENT NON-INFRINGEMENT

5.     In a written communication dated April 28, 2009 to Plaintiff Cardow from Tanory's attorneys and agents, Maynard Cooper & Gale, PC, and received by Cardow at its offices in St. Thomas, United States Virgin Islands, Tanory purported to be owner of United States Patent No. 5,353,608 entitled *Multi-Use Jewelry Piece* (the "'608 Patent") and United States Patent No. D374, 410 entitled *Finger Ring* (the "'410 Patent"). A true and correct copy of said written communication is annexed to the Complaint as Appendix "A").

6.     By the sending of the written communication annexed at Appendix "A", Tanory has purported to put Cardow on notice of, and has asserted a claim for, an alleged infringement of the '608 Patent and the '410 Patent.

7.     As a result of Tanory's actions and statements, an actual controversy within the meaning of 28 U.S.C. § 2201 now exists between Cardow and Tanory concerning infringement of the '608 Patent and the '410 Patent.

8.     Cardow is entitled to judgment from this Court finding that its manufacturing, offering for sale, selling and using of certain of Cardow's "reversible" jewelry rings do not infringe the '608 Patent and/or the '410 Patent.

9.     This is an exceptional case within the provisions of 35 U.S.C. § 285 and Cardow is entitled to an award of its reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

## PATENT INVALIDITY

10. Cardow realleges and incorporates herein by this reference Paragraphs 1 through 9 of this Complaint as though fully set forth herein.

11. Tanory has alleged in its written communication to Cardow dated April 28, 2009 that he is owner of the '608 Patent and the '410 Patent having issued from the United States Patent and Trademark Office.

12. Upon information and belief, either or both the '608 Patent and the '410 Patent is/are invalid because the inventions fail to satisfy the conditions for patentability specified in 35 U.S.C. § 101 *et seq*.

13. As a result, the '608 Patent is invalid pursuant to 35 U.S.C. § 101 *et seq*.

14. As a result, the '410 Patent is invalid pursuant to 35 U.S.C. § 101 *et seq*.

15. As a result of Tanory's actions and statements, an actual controversy within the meaning of 28 U.S.C. § 2201 now exists between Cardow and Tanory regarding the invalidity of the '608 Patent and '410 Patent.

16. Cardow is entitled to judgment from this Court finding the '608 Patent and the '410 Patent invalid.

17. This is an exceptional case within the provisions of 35 U.S.C. § 285 and Cardow is entitled to an award of its reasonable attorneys' fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Cardow requests the following relief:

A. That the Court declare that Cardow has not infringed, contributed to the infringement of, or induced the infringement of any valid claims of the

'608 Patent and the '410 Patent, directly or indirectly, under any subsection of 35 U.S.C. §§ 271 *et seq*;

B. That the Court declare the '608 Patent and the '410 Patent to be invalid;

C. That the Court find this action to be an exceptional case entitling Cardow to an award of its attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285; and

D. That the Court award Cardow such other and further relief as the Court deems just and appropriate.

Dated:    May 12, 2009

      s/Terri Griffiths
Terri L. Griffiths
70 C Lindbergh Bay, Suite 134
St. Thomas, VI 00802
340.777.1510
Terri@Griffiths-Law.Com

*Attorney for Plaintiff*
*Cardow, Inc.*